UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6163-CR-HURLEY
Magistrate Judge Vitunac

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
KINSLEY ODIBO, )
)
Defendant. )
_____ )
)

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  Attached, please find a copy of any written statements made by the defendant.

           2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.



3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

   The attachments to this discovery response are not copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The government is not presently aware of any information favorable to the defendant as defined by Brady and Agurs.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At present, there are no witnesses to whom any inducements have been offered or made.

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At present, the government does not intent to call any co-conspirators, accomplices or informants.

F.  The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

Specifically, the government intends to introduce evidence that the defendant possessed fraudulently obtained credit cards in the name of Joan K. Hofer, Philip Dyer, Christine Borman, in addition to the cards possessed in the name of Steven R. Herold. The government also intends to introduce evidence that the defendant obtained and used a Florida Identification card and Social Security card in the name of David Thomas McMore. The government also intends to introduce evidence that the defendant opened commercial mail boxes in the name of David Thomas McMore which were used to perpetrate otehr bank fraud offenses. The government also intends to introduce evidence that the defendant obtained and used a Visa credit card in the name Steven Herold from SunTrust National Bank. The government also intends to introduce evidence of the defendant's involvement in a counterfeit check scheme that led to the shipment of computer equipment that the defendant was picking up at the time of his encounter with law enforcement in this case.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No narcotic contraband is involved in this indictment.

L. If you wish to inspect the automobile the defendant used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

  P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense.

  The attachments to this response are numbered pages 1-120. Please contact the undersigned Assistant United States Attorney if any pages are missing. (COURT COPY WITHHELD DUE TO NUMBER OF DOCUMENTS)

            Respectfully submitted,

            GUY A. LEWIS
            UNITED STATES ATTORNEY

      By: _____
        Robert N. Nicholson
        Assistant United States Attorney
        Florida Bar No. 933996
        500 East Broward Blvd. Ste. 700
        Ft. Lauderdale, Florida 33394
        Tel: (954) 356-7255
        Fax: (954) 356-7336

cc: Special Agent Carlos Lopez,
   Secret Service

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 19th day of June, 2000 to:

David Joffe, Esq.
2900 Bridgeport Ave.
Suite 401
Miami, Florida 33133-3606

Alexander Akpodiete, Esq.
28 W. Flagler Street
11th Floor
Miami, Florida 33130-1890

Robert N. Nicholson
Assistant United States Attorney